IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN RAY WILLIAMS, DOING BUSINESS AS ROLLING CASH UPPER E. LP, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-2326-B-BK |
| UPPER E. APARTMENTS, ET AL., DEFENDANTS. | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States Magistrate Judge for judicial screening. On September 13, 2024, Plaintiff filed a *Complaint and Request for Injunction* and a motion for *Temporary Injunction* against Upper E. Apartments, Eastwind Apartments, Eastwind Committees its owners and affiliates, Julie Lozano, Lezly Zetino, Sam Lieberman, and Kimberly Sims Martinez PLLC. Doc. 3 at 1-2.

Plaintiff's pleadings are difficult to decipher and largely illogical. Doc. 3 at 4-5. In the motion for *Temporary Injunction*, Plaintiff seeks to stop a "writ of possession" in Justice of the Peace Court Case No. CC-24-05376-B. Doc. 4. Because Plaintiff is proceeding without the benefit of counsel, the Court liberally construes his motion as requesting an *ex parte* temporary restraining order.

Federal Rule of Civil Procedure 65(b)(1) provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Plaintiff has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. In addition, Plaintiff has not certified in writing any efforts made to give notice to the Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Thus, having failed to meet the minimum legal requirements of Rule 65(b)(1), Plaintiff's motion for *Temporary Injunction* should be **DENIED**.

**SO RECOMMENDED** September 16, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).