IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN RAY WILLIAMS, DOING BUSINESS AS ROLLING CASH UPPER E. LP, | § § § | |
| PLAINTIFF, | § § § | |
| V. | § § | CIVIL CASE NO. 3:24-CV-2326-B-BK |
| UPPER E. APARTMENTS, ET AL., DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On September 13, 2024, Plaintiff Steven Ray Williams, doing business as Rolling Cash Upper E LP, filed pleadings titled *Complaint and Request for Injunction* and *Complaint for Violation of Civil Rights* against Upper E. Apartments, Eastwind Apartments, Eastwind Committees its owners and affiliates, Assistant Manager Julie Lozano, Property Manager Lezly Zetino, Sam Lieberman, and Kimberly Sims Martinez, PLLC. Doc. 3 at 1-2; Doc. 4 at 1-3. The complaints are inartfully pled and difficult to decipher, and the assertions therein are largely illogical.

It appears that Williams seeks to stop an eviction. Doc. 3 at 5 (citing County Court at Law Case No. CC-24-05376-B); *see also* Doc. 4 at 5.

Online state court records reveal that on June 25, 2024, Rolling Cash Upper E LP filed an eviction petition in the Justice Court Precinct 5-2 against John Doe and all other occupants. Following a trial, the justice of the peace awarded possession of the premises to Rolling Cash Upper E LP, and Defendants John Doe and all other occupants filed a notice of appeal. *Rolling Cash Upper E LP v. John Doe*, No. CC-24-05376-B (County Court at Law No. 2, Dallas Cnty., Tex.).[1] On August 27, 2024, following a subsequent trial, the County Court at Law found that "Rolling Cash Upper E LP ha[d] a superior right to possession of the premises" and was "entitled to possession." The court thus entered judgment for Rolling Cash Upper E LP and against Defendant John Doe and all other occupants. On September 10, 2024, Williams filed a notice of appeal on behalf of the John Doe Defendants. *John Doe v. Rolling Cash Upper E LP*, No. 05-24-01077-CV (Tex. App.—Dallas).[2]

Three days later, Williams filed this federal action. He lists himself as the sole Plaintiff "doing business as Rolling Cash Upper E LP." Doc. 3 at 1; Doc. 4 at 1. Inexplicably, he also seeks monetary relief and to enjoin the eviction and Defendants from "utilizing D.B.A. Rolling Cash Upper, LP." Doc. 4 at 5. Obviously, Rolling Cash Upper E LP cannot be both Plaintiff

---

[1] The county court's online docket sheet and records, of which the Court takes judicial notice, are found on the Dallas County website at https://www.dallascounty.org/services/record-search/ (last accessed on Sep. 16, 2024).

[2] The Court also takes judicial notice of the online docket sheet and records of the Fifth Court of Appeals, found at https://search.txcourts.gov/Case.aspx?cn=05-24-01077-CV&coa=coa05 (last accessed on Sep. 16, 2024).

and Defendant.  On that basis alone, Williams fails to state a claim, and this action is subject to dismissal.³

That notwithstanding, Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.⁴

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  The *Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

---

³ Williams also filed a motion for a temporary injunction, which the undersigned has recommended be denied.  Doc. 6; Doc. 7.

⁴ Because Williams filed an appeal in state court three days before filing this federal action, the *Rooker-Feldman* doctrine does not apply.  *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Williams has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  Williams' complaints, however, contain no factual allegations that support federal question jurisdiction.

Both pleadings solely complain of state eviction proceedings.  As best the Court can glean, Williams decries being deprived of the right to enter the subject premises and of items lost, damaged or "stolen" during the eviction.  Doc. 3 at 5; Doc. 4 at 4.  Williams' fleeting mention of 42 U.S.C. § 1983 is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted);

*see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Williams also references federal criminal statutes. Doc. 4 at 3. To the extent that he attempts to file a criminal complaint alleging criminal law violations, his request lacks any legal basis and thus cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Williams has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Additionally, Williams' assertion that Defendants are in Texas (and presumably citizens of this state) defeats subject-matter jurisdiction based on diversity. Doc. 3 at 2; Doc. 4 at 2-3. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Further, because Williams does not present an adequate basis for federal question jurisdiction, and he cannot rely on diversity jurisdiction, the Court cannot exercise supplemental

jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, Williams' complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Williams' complaint show a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.[5]

### IV. CONCLUSION

For all these reasons, Williams' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 19, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] In any event, the 14-day objection period will permit Williams to proffer facts, if any, that establish subject matter jurisdiction in this Court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).